IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CHAD R. MILLESS,<br><br>Petitioner,<br><br>vs.<br><br>JIM SALMONSEN, WARDEN, MONTANA STATE PRISON, and AUSTIN KNUDSEN,<br><br>Respondents. | CV 24-92-M-DWM<br><br>ORDER |

This case comes before the Court on Petitioner Chad R. Milless' petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Milless is a state prisoner proceeding pro se. He was directed to show cause why his petition should not be dismissed as time-barred and procedurally defaulted. (Doc. 7.) He filed a timely response. (Doc. 8.) The petition is dismissed.

## I. Preliminary Review

Before the State is required to respond, the Court must determine whether "it plainly appears from the petition and any attached exhibits that the prisoner is not entitled to relief." Rule 4(b), Rules Governing § 2254 Cases in the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States*

1

*Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, § 2254 Rules.

## II. Analysis

The Court's prior Order explained to Milless that his petition was likely both time-barred and procedurally defaulted. (Doc. 7.) He has filed it too late, and without properly exhausting his claims in the state court, which is no longer possible. (Doc. 7.) Milless has filed a wide-ranging response that asserts various grounds for his failure to timely or properly file. (Doc. 8.)

First, Milless asserts that he is mentally incompetent in various ways, uninformed about the legal process, and otherwise incapable of timely and properly filing. (Doc. 8 at 1, 3, and 5 – 6.) To the extent that Milless believes the statute of limitations should be equitably tolled, *see e.g., Holland v. Florida*, 560 U.S. 631, 649 (2010), due to his lack of legal training and knowledge, such an argument is unavailing. The Ninth Circuit instructs that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F. 3d 1150, 1154 (9th Cir. 2006); *see also, Ford v. Pliler*, 590 F. 3d 782, 789 (9th Cir. 2009) (equitable tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law

2

alone"); *Waldron-Ramsey v. Pacholke*, 556 F. 3d 1008, 1013 n. 4 (9th Cir. 2009)("[A] pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling.").

"A petitioner seeking equitable tolling on the grounds of mental incompetence must show extraordinary circumstances, such as an inability to rationally or factually personally understand the need to timely file, or a mental state rendering an inability personally to prepare a habeas petition and effectuate its filing." *Orthel v. Yates*, 795 F.3d 935, 938 (9th Cir. 2015). Thus, Milless has failed to show a basis which would entitle him to equitable tolling; his claims remain untimely.

Next, Milless relies repeatedly on *Loper Bright Ent. v. Raimondo*, 603 U.S. ___ (2024), claiming that the U.S. Supreme Court's overruling of the *Chevron* doctrine is relevant to his claims. (Doc. 8 at 2 -3, and 5 – 6.) It is not. This Court's determinations of the law regarding Milless' case are not based on deference to any agency's determination of the law. The repeated citations to *Loper Bright* are inapt.

Milless also raises various aspects of the merits of his case, including the alleged lack of evidence, due process allegations, and his several ineffective assistance of counsel claims, among others. None of these arguments goes to the methods outlined in the prior Order to avoid the implications of filing too late and failing to present his arguments to the state courts.

Milless asserts that he is entitled to tolling, which he claims started when his counsel was ineffective during his prosecution. But that time, prior to his conviction, is not relevant to calculation of the statute of limitations, which begins to run after his conviction. (Doc. 8 at 4 – 5.)

Milless was advised of the various methods by which he could show his lack of timeliness and his procedural default could be excused. (Doc. 7.) He has failed to demonstrate any of them. He has not explained how or if the Court's prior analysis of the statute of limitations was in error. He has not established that he has been pursuing his rights diligently, other than to claim he has mental challenges. He has not explained why he did not present his claims in state court, by pointing to "'some objective factor external to the defense'" that prevented him from raising his claims in state court. *Cook v. Schriro*, 538 F.3d 1000, 1027 (9th Cir. 2008) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). He relies on the same arguments of mental challenges and ineffective assistance of counsel. And he has not provided evidence to show he is entitled to take advantage of the actual innocence gateway. *McQuiggin v. Perkins*, 569 U.S. 383, 387 (2013). Milless's petition must be dismissed.

### III. CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254

4

Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because Milless has slept on his rights, no reasonable jurist would conclude this matter should be encouraged to proceed further. A certificate of appealability will be denied.

Accordingly, IT IS ORDERED that:

1. Milless's petition for writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED.

2. The clerk shall enter, by separate document, a judgment of dismissal.

3. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Milless files a notice of appeal.

DATED this 5th day of August, 2024.

Donald W. Molloy, District Judge
United States District Court